## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

VAN DYKE HORN, LLC,

                    Plaintiff,                    Case No. 2:22-cv-11141

v.                                                Hon. Shalina D. Kumar

PETER VAN DYKE, MICHAEL
SHERMAN, JAMIE KAYE WALTERS,
and VVK PR & CREATIVE, LLC,

                    Defendants.
_____/

## **VERIFIED ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Peter Van Dyke, Michael Sherman, Jaime Kaye Walters, and VVK PR & Creative ("Defendants"), by its attorneys, Winthrop & Weinstine, PA, as and for its Answer to Plaintiff Van Dyke Horn, LLC's ("Plaintiff") Verified Complaint, denies each and every allegation in Plaintiff's Verified Complaint except as hereafter admitted, qualified, or otherwise answered. All capitalized terms herein have the same meaning as set out in the Verified Complaint. Each numbered paragraph below corresponds to the numbered paragraph in Plaintiff's Verified Complaint.

1.    Defendants deny the allegations in Paragraph 1.

2.    Defendants deny the allegations in Paragraph 2.

3.    Defendants deny the allegations in Paragraph 3.

4.      Defendants deny the allegations in Paragraph 4.

5.      Defendants deny the allegations in Paragraph 5.

6.      Defendants deny the allegations in Paragraph 6.

7.      Defendants admit the allegations in Paragraph 7.

8.      Defendants admit the allegations in Paragraph 8.

9.      Defendants admit the allegations in Paragraph 9.

10.     Defendants admit the allegations in Paragraph 10.

11.     Defendants admit the allegations in Paragraph 11.

12.     Defendants deny the allegations in Paragraph 12 in the form and manner plead.

13.     The allegations in Paragraph 13 are legal conclusions for which no response is required. To the extent an answer is required, the allegations in Paragraph 13 are denied.

14.     The allegations in Paragraph 14 are legal conclusions for which no response is required.

15.     Defendants deny the allegations in Paragraph 15.

16.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 16.

17.     Defendants deny the allegations in Paragraph 17.

18.     Defendants admit only that Ms. Horn is African-American and that VDH is a minority certified business. Defendants deny the balance of the allegations in Paragraph 18.

19.     Defendants deny the allegations in Paragraph 19 in the form and manner plead.

20.     Defendants admit only that Mr. Van Dyke was a member and the Chief Executive Officer of VDH, that he resigned effective March 4, 2022, and that VDH was a minority certified business. Defendants deny the balance of the allegations in Paragraph 20.

21.     Defendants admit the allegations in Paragraph 21.

22.     Defendants admit only that VDH was governed by an Operating Agreement, and that such Operating Agreement speaks for itself. To the extent a further answer is required, Defendants deny the allegations in Paragraph 22 insofar as they misstate, misconstrue, or mischaracterize the document.

23.     The allegations in Paragraph 23 state the legal conclusions of the pleader to which no answer is required.

24.     Defendants admit that certain VDH employees signed employment agreements, the language of each speaks for itself. Defendants deny the remaining allegations in Paragraph 24.

25.     Defendants deny the allegations in Paragraph 25.

26.     Defendants deny the allegations in Paragraph 26.

27.     Defendants admit that Mr. Van Dyke offered to buy out Ms. Horn's interest in VDH for $170,000 and that Ms. Horn rejected said offer. Defendants deny the remaining allegations in Paragraph 27.

28.     Defendants deny the allegations in Paragraph 28 in the form and manner plead.

29.     Defendants deny the allegations in Paragraph 29.

30.     Defendants deny the allegations in Paragraph 30

31.     Defendants deny the allegations in Paragraph 31.

32.     Defendants deny the allegations in Paragraph 32

33.     Defendants deny the allegations in Paragraph 33.

34.     Defendants admit that they hired Annemarie Erickson after Mr. Van Dyke had resigned from VDH. Defendants deny the remaining allegations in Paragraph 34, including the inference that Defendants had solicited Ms. Erickson prior to Mr. Van Dyke departing VDH.

35.     Defendants deny the allegations in Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36.

37.     Defendants deny the allegations in Paragraph 37.

38.     Defendants deny the allegations in Paragraph 38.

39.     Defendants admit that Mr. Van Dyke submitted his resignation notice to Ms. Horn on March 3, 2022. Defendants admit that Mr. Van Dyke's resignation

notice stated that his last day would be March 4, 2022. Defendants deny the remaining allegations in Paragraph 39.

40.    Defendants admit that on March 4, 2022, Mr. Van Dyke was approached by Ms. Horn with a "Declaration Confirming Return of Property and Confidential Information." No response to the remaining allegations in Paragraph 40 is required as the document referenced speaks for itself. To the extent an answer is required, Defendants deny the allegations in Paragraph 40 insofar as they misstate, misconstrue, or mischaracterize the document.

41.    Defendants deny the allegations in Paragraph 41.

42.    Defendants deny the allegations in Paragraph 42.

43.    Defendants deny the allegations in Paragraph 43.

44.    Defendants deny the allegations in Paragraph 44.

45.    Defendants deny the allegations in Paragraph 45.

46.    Defendants deny the allegations in Paragraph 46.

47.    Defendants deny the allegations in Paragraph 47.

48.    Defendants deny the allegations in Paragraph 48.

49.    Defendants deny the allegations in Paragraph 49.

50.    Defendants admit that VDH spent time recruiting and training its employees and has, over time, entrusted them with the care and service of its long-

term client relationships and contracts. Defendants deny the remaining allegations in Paragraph 50.

51.    Defendants admit that Mr. Van Dyke had access to client contact information; past, current, and planned client public relations programs, strategies and budgets; client pricing, needs, and contracts; vendors used on client projects; employee compensation, benefits, and employment terms and; prospective employees and compensation terms. Defendants deny the remaining allegations in Paragraph 51, including the allegation that such information constitutes "Trade Secrets."

52.    Defendants deny the allegations in Paragraph 52.

53.    Defendants admit that VDH had certain key employees sign agreements, which speak for themselves. Defendants deny the remaining allegations in Paragraph 53.

54.    Defendants deny the allegations in Paragraph 54.

55.    Defendants deny the allegations in Paragraph 55.

56.    Defendants deny the allegations in Paragraph 56.

57.    Defendants deny the allegations in Paragraph 57.

58.    Defendants admit that Ms. Horn did not shut down VDH upon the resignation of Mr. Van Dyke. Defendants further admit that Defendant Sherman sent Ms. Horn an email showcasing the name of a company in an adult-themed font.

Defendants deny the remaining allegations in Paragraph 58, including the allegation that this email was meant to harass Ms. Horn.

59.     Defendants deny the allegations in Paragraph 59.

60.     Defendants deny the allegations in Paragraph 60.

61.     Defendants admit that VVK employs Annmarie Erickson. Defendants deny the remaining allegations in Paragraph 61.

62.     Defendants deny the allegations in Paragraph 62.

63.     Defendants deny the allegations in Paragraph 63.

## COUNT I – BREACH OF FIDUCIARY DUTY
### *(PETER VAN DYKE)*

64.     Defendants' answers to the foregoing paragraphs are incorporated here.

65.     The allegations in Paragraph 65 state the legal conclusions of the pleader to which no answer is required.

66.     Defendants deny the allegations in Paragraph 66.

67.     Defendants deny the allegations in Paragraph 67.

## COUNT II – BREACH OF CONTRACT/OPERATING AGREEMENT
### *(PETER VAN DYKE)*

68.     Defendants' answers to the foregoing paragraphs are incorporated here.

69.     The allegations in Paragraph 69 state the legal conclusions of the pleader to which no answer is required.

70.     Defendants deny the allegations in Paragraph 70.

71.   Defendants deny the allegations in Paragraph 71.

## COUNT III – TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY AND CONTRACT
### *(ALL DEFENDANTS)*

72.   Defendants' answers to the foregoing paragraphs are incorporated here.

73.   Defendants deny the allegations in Paragraph 73.

74.   Defendants deny the allegations in Paragraph 74.

75.   Defendants admit the allegations in Paragraph 75.

76.   Defendants deny the allegations in Paragraph 76.

77.   Defendants deny the allegations in Paragraph 77.

78.   Defendants deny the allegations in Paragraph 78.

79.   Defendants deny the allegations in Paragraph 79

80.   Defendants deny the allegations in Paragraph 80.

81.   Defendants deny the allegations in Paragraph 81.

82.   Defendants deny the allegations in Paragraph 82.

83.   Defendants deny the allegations in Paragraph 83.

## COUNT IV – MISAPPROPRIATION OF TRADE SECRETS
### *(ALL DEFENDANTS)*

84.   Defendants' answers to the foregoing paragraphs are incorporated here.

85.   Defendants deny the allegations in Paragraph 85.

86.   Defendants deny the allegations in Paragraph 86.

87.   Defendants deny the allegations in Paragraph 87.

88.    Defendants deny the allegations in Paragraph 88.

89.    Defendants deny the allegations in Paragraph 89

90.    Defendants deny the allegations in Paragraph 90

91.    Defendants deny the allegations in Paragraph 91.

92.    Defendants deny the allegations in Paragraph 92.

93.    Defendants deny the allegations in Paragraph 93.

## COUNT V – VIOLATIONS OF THE DEFEND THE TRADE SECRETS ACT
### *(ALL DEFENDANTS)*

94.    Defendants' answers to the foregoing paragraphs are incorporated here.

95.    The allegations in Paragraph 95 are legal conclusions to which no response is required.

96.    Defendants admit Peter Van Dyke had access to VDH's employment contracts, income statements and balance sheets, pricing and cost information, client contracts, and vendor relationships, but Defendants deny that such information constituted "Protected Trade Secret Information".

97.    Defendants deny the allegations in Paragraph 97.

98.    Defendants deny the allegations in Paragraph 98.

99.    Defendants deny the allegations in Paragraph 99.

100.    Defendants deny the allegations in Paragraph 100.

101.    Defendants deny the allegations in Paragraph 101.

102.   Defendants deny the allegations in Paragraph 102.

103.   Defendants deny the allegations in Paragraph 103.

104.   Defendants deny the allegations in Paragraph 104

105.   Defendants deny the allegations in Paragraph 105.

106.   Defendants deny the allegations in Paragraph 106.

107.   Defendants deny the allegations in Paragraph 107.

108.   Defendants deny the allegations in Paragraph 108

109.   Defendants deny the allegations in Paragraph 109.

110.   Defendants deny the allegations in Paragraph 110.

111.   Defendants deny the allegations in Paragraph 111.

## COUNT VI – COMMON LAW CONVERSION/STATUTORY CONVERSION
### *(ALL DEFENDANTS)*

112.   Defendants' answers to the foregoing paragraphs are incorporated here.

113.   The allegations in Paragraph 113 are legal conclusions to which no response is required.

114.   Defendants deny the allegations in Paragraph 114.

115.   Defendants deny the allegations in Paragraph 115.

116.   Defendants admit that Ms. Horn requested that Mr. Van Dyke acknowledge the return of protected Trade Secrets and items to VDH. Defendants deny the remaining allegations in Paragraph 116.

117.   Defendants deny the allegations in Paragraph 117.

118.   Defendants deny the allegations in Paragraph 118.

119.   Defendants deny the allegations in Paragraph 119.

120.   Defendants deny the allegations in Paragraph 120.

121.   Defendants deny the allegations in Paragraph 121.

122.   Defendants deny the allegations in Paragraph 122.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor, dismissing VDH's Complaint with prejudice, awarding them their costs and fees incurred in defending this action, and awarding them such other relief that this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1.   VDH's Complaint fails to state a claim upon which relief can be granted.

2.   VDH's claims are barred, in whole or in part, because the Court lacks subject matter jurisdiction over VDH's claims.

3.   VDH's claims are barred, in whole or in part, under the equitable doctrines of waiver, estoppel, and/or laches.

4.   VDH's claims are barred, in whole or in part, because of VDH's unclean hands.

5.     VDH's claims are barred, in whole or in part, because they assert claims, duties, obligations, and expectations that do not exist under Michigan law.

6.     VDH's alleged damages, in whole or in part, were caused by the actions of VDH and/or third-parties outside the control of Defendants.

7.     VDH's claims are barred, in whole or in part, because VDH failed to mitigate its damages.

8.     VDH's claims are barred, in whole or in part, because Defendants owed no duty to VDH during all relevant time periods.

9.     VDH's claims are barred because VDH did not take adequate measures to protect its alleged trade secrets.

10.    Defendants reserve the right to add any additional affirmative defenses as discovery in this matter proceeds.

Respectfully submitted,

WINTHROP & WEINSTINE, P.A.

By: s/H. William Burdett, Jr.
    H. William Burdett, Jr. (P63185)
    Michelle D. Champane (P80917)
19 Clifford Street
Detroit, Michigan 48226
(313) 318-9203
bburdett@winthrop.com
*Attorneys for Defendants*

Dated: June 14, 2022

**<u>Proof of Service</u>**

I, H. William Burdett, Jr., certify that on June 14, 2022, I filed the foregoing document with the electronic filing system of the United States District Court for the Eastern District of Michigan, which will serve notice of same on all counsel of record.

s/H. William Burdett, Jr.

H. William Burdett, Jr.

*Attorney for Defendants*

24103204v1