**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VAN DYKE HORN, LLC,                      Court  No. 22-CV-11141-SDK-KGA
a Michigan Limited Liability company,

       Plaintiff,

vs.

PETER VAN DYKE, an individual,
MICHAEL SHERMAN, an individual,
JAMIE KAYE WALTERS, an individual,
and VVK PR & Creative, a Michigan
limited liability company, jointly and
severally,

       Defendants.

---

## STIPULATION FOR PROTECTIVE ORDER

    The parties stipulate that the Court may enter the following protective order

pursuant to Federal Rule of Civil Procedure 26(c):

    1.    **Confidential Information** – Any document or thing that a party

reasonably and in good faith believes to contain confidential information that is not

publicly available (such as research and development, commercial, or other

sensitive information) may be produced by that party with the clear and obvious

designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

1

2.     **Non-Disclosure of Confidential Information** – Any document or thing designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may only be used to prosecute or defend this action and shall not be disclosed to (or the content discussed with) anyone other than the following persons:

a.     The named parties in this case, their attorneys, and their support staff (e.g., copying and document management personnel).

b.     Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit A and who are approved by the producing party pursuant to paragraph 5 below.

c.     Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order.

d.     This Court and its staff members.

3.     **Disclosure to Experts and Consultants** – Before any documents, testimony, or other information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" are disclosed to an independent expert or consultant, the receiving party shall give the producing party ten (10) days written notice of the

proposed expert.  If the producing party objects to the expert, no designated

material or information of the producing party shall be disclosed to the expert or

consultant until the issue is resolved by the Court.

4.     **Deposition Testimony** – Any portions of requested testimony, a

transcript and/or a brief may be designated as "CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER" if the party or attorney making the designation

reasonably and in good faith believes it will reveal a trade secret or other

confidential research and development, commercial, or sensitive information.

5.     **Motion Practice** – All documents, testimony, and information

designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" that

are submitted to the Court Clerk as part of a motion or other paper shall be filed

pursuant to Local Rule 5.3.

6.     **Filing Under Seal.** This order does not authorize the filing of any

documents under seal. Documents may be sealed only if authorized by statute, rule,

or order of the Court.

A party seeking to have filed under seal any paper or other matter in this case must

file and serve a motion that sets forth: (a) the authority for sealing; (b) an

identification and description of each item proposed for sealing; (c) the reason that

sealing each item is necessary; (d) the reason that a means other than sealing is not

available or unsatisfactory to preserve the interest advanced by the movant in

support of the seal; and (e) a memorandum of legal authority supporting the seal.

*See* E.D. Mich. LR 5.3; *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*,

825 F.3d 299 (6th Cir. 2016). With the exception of limited purpose filings

allowed by Eastern District of Michigan Local Rule 5.3(b)(3)(A)(vi), no party shall

file or otherwise tender to the Clerk any item proposed for sealing unless the Court

has granted the motion required by this section. Whenever a motion to seal is filed,

the movant shall submit a brief that states the particular reason the seal is required.

If a motion to seal is granted, then the documents to be sealed may be separately

electronically filed under seal.

7. **Notice to Designating Party**. Any party, other than the Designating

Party, that anticipates filing any material that has been designated as Confidential

Information must provide reasonable notice to the Designating Party of the

proposed filing, so that the Designating Party will have ample time, if it so desires,

to file a motion for leave to file the material in question under seal. The parties

then shall meet and confer in connection with any anticipated motion for an order

authorizing the filing of Confidential Information under seal, in a good faith

attempt to reach an agreement regarding whether the Confidential Information

should be filed under seal. *See* E.D. Mich. LR 7.1(a). If an agreement is reached,

then the parties may file a joint motion for leave to file under seal, in conformance

with paragraph A and Eastern District of Michigan Local Rule 5.3. If an agreement

is not reached, then the Designating Party may file a motion in compliance with Section 6 of this Protective Order and Local Rule 5.3. If the motion is denied, then the party separately may file the material, but not under seal.

8. **Discovery from Third Parties** – This Protective Order shall apply to discovery sought from persons or companies who are not parties to this lawsuit. Third parties may designate information produced under the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

9. **Challenging "Confidential" Designation** – Any party that wishes to challenge the designation of any document, thing, or testimony as confidential or highly confidential under Federal Rule of Civil Procedure 26(c) may do so at any time by way of motion to this Court.  The designating party shall have the burden of justifying its designation.  Before filing any such motion, however, the parties shall first attempt to resolve their disagreement without Court intervention.

10. **Trial Testimony** – This Protective Order shall not govern proceedings at trial.

11. **Termination of Lawsuit** – All documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and all copies thereof, shall either be returned to the party that produced them upon the final disposition of this action or they may be destroyed with permission of the party that produced them.  This provision shall not apply to documents and things the

Court determines are not confidential.  Outside litigation counsel for each party may keep a copy of all pleadings and other documents filed with the Court for their files.

      12.    **Inadvertent Production of Privileged Material** – Any inadvertent production of privilege or work product protected material shall not result in the waiver of any associated privilege (attorney-client privilege, work product doctrine, etc.).  However, the disclosure of any particular material shall cease to be "inadvertent" if the receiving party notifies the producing party of the disclosure and the producing party does not request the return of the privileged matter within 10 days.

Dated:  August 19, 2022

*/s/ H. William Burdett, Jr*
H. William Burdett, Jr. (P63185)
Michelle D. Champane (P80917)
Winthrop & Weinstine, P.A.
19 Clifford Street
Detroit, Michigan 48226
(313) 318-9203
bburdett@winthrop.com
mchampane@winthrop.com
*Attorneys for Defendants*


Dated:  August 19, 2022

*/s/ Magy E. Shenouda*
Linda M. Watson (P45320)
Magy E. Shenouda (P85576)
Clark Hill PLC
151 S Old Woodward Ave Ste 200
Birmingham, MI 48009
(248) 988-5881
lwatson@clarkhill.com
mshenouda@clarkhill.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VAN DYKE HORN, LLC,                                    Court  No. 22-CV-11141-SDK-KGA
a Michigan Limited Liability company,

       Plaintiff,

vs.

PETER VAN DYKE, an individual,
MICHAEL SHERMAN, an individual,
JAMIE KAYE WALTERS, an individual,
and VVK PR & Creative, a Michigan
limited liability company, jointly and
severally,

       Defendants.

---

**EXHIBIT A – AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare as follows:

1.     I have read the Protective Order in the above captioned case.

2.     I promise that I will only use the documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" that are given to me for purposes of this lawsuit.

3.     I promise that I will not disclose or discuss information that I learn from documents and things designated as "CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER" with anyone other than the persons described in the Protective Order.

4.  I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of Michigan with respect to enforcement of this Protective Order.

5.  I understand that any disclosure or use of documents or things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or information learned from the documents or things, in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.


Date: _____                    _____
                                                        [Signature]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VAN DYKE HORN, LLC,                          Court No. 22-CV-11141-SDK-KGA
a Michigan Limited Liability company,

       Plaintiff,

vs.

PETER VAN DYKE, an individual,
MICHAEL SHERMAN, an individual,
JAMIE KAYE WALTERS, an individual,
and VVK PR & Creative, a Michigan
limited liability company, jointly and
severally,

       Defendants.

_____

## **ORDER ON STIPULATION FOR PROTECTIVE ORDER**

    Pursuant to the Stipulation for Protective Order entered into by Plaintiff and

Defendants, and the Court being fully advised,

    **IT IS HEREBY ORDERED** that the Stipulation is **ADOPTED**.


Dated August 19, 2022                          s/Kimberly G. Altman
_____                          _____
                                         Kimberly G. Altman
                                         United States Magistrate Judge